IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARYION SANDERS 90418, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv−00864−JPG |
| vs. | ) ) |
| JOE SPLITTORF, MICHAEL O'NEIL, CITY OF ALTON POLICE DEPARTMENT, and CITY OF ALTON, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently housed at the Madison County Jail.[1] Plaintiff brings claims pertaining to an allegedly unconstitutional interrogation, at the Alton Police Department, occurring in August 2015. In connection with his claim, Plaintiff names Joe Splittorf (a city of Alton detective), Michael O'Neil (a city of Alton detective), the City of Alton Police Department, and the City of Alton.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

---
[1] Plaintiff's legal status is not known.

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint must also comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a pleading to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court in *Twombly* clarified that the Rule 8 standard does not require detailed factual allegations. *Id.* However, it demands more than bare legal conclusions and a formulaic recitation of the elements of a cause of action. *Id*; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 ... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (conclusory statements and labels are insufficient). A complaint must, at a minimum, give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009);

## The Complaint

Plaintiff claims that unspecified constitutional violations occurred when O'Neil and Splittorf interrogated him at the Alton Police Department. (Doc. 1, p. 5). The interrogation allegedly occurred from August 12, 2015 through August 14, 2015. *Id.* Plaintiff contends the interrogation was "egregious" and that the Defendants' conduct "crossed all boundaries of decency and professionalism." Plaintiff alleges he experienced emotional trauma as a result of the interrogation.

## Discussion

### Dismissal of Certain Defendants

Plaintiff has named the Alton Police Department and the City of Alton as defendants in this action. A police department is not a suable entity apart from the city which operates it. *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997). Accordingly, the Alton Police Department shall be dismissed from the action with prejudice.

With respect to the City of Alton, a municipality may only be sued in a civil rights action if the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). In the instant case, Plaintiff suggests that Splittorf and O'Neil somehow violated his rights during an interrogation. There is no suggestion that the alleged constitutional violation or violations were the result of an official policy, custom, or practice of the City of Alton. Accordingly, the City of Alton shall be dismissed from the action without prejudice.

**Merits Review**

It is possible that Plaintiff has an actionable claim against Splittorf and/or O'Neil. However, the Complaint contains nothing more than conclusory allegations. At this point, all that Plaintiff has alleged is that his rights were somehow violated during an interrogation. Without more, the Complaint fails to provide fair notice of what Plaintiff's claim is and the grounds upon which it rests. Moreover, the vague allegations do not raise a right to relief above the speculative level. For these reasons, the Court finds that the Complaint, as currently drafted, fails to state a claim upon which relief can be granted and violates Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Complaint shall be dismissed. However, the dismissal is without prejudice to Plaintiff filing an Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted and for failure to comply with Rule 8**.**

**IT IS FURTHER ORDERED** that the City of Alton Police Department is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the City of Alton is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before November 21, 2017. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997);

*Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 17-cv-864-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 23, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**