IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARYION SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-00864-JPG |
| ) | |
| JOE SPLITTORFF, ) | |
| CITY OF ALTON, ) | |
| and MICHAEL McNEAL, ) | |
| ) | |
| Defendants. ) | |

## ORDER LIFTING STAY

**GILBERT, District Judge:**

This matter is before the Court for review of the status of this stayed case. Plaintiff filed the underlying action pursuant to 42 U.S.C. § 1983 on August 14, 2017. (Doc. 1). In the Amended Complaint, Plaintiff asserted four claims against Alton City Police Officers Joe Splittorf and Michael McNeal and the City of Alton for violating his rights under federal and state law by doing the following during his criminal interrogation: (1) repeatedly denying his requests to speak with an attorney; (2) continuing to question him after he asked to stop the interrogation; (3) threatening him and/or his family and friends with bodily harm; and (4) physically intimidating him. (Doc. 8). The Amended Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 9).

At the time of screening, Plaintiff's underlying criminal case remained ongoing, so Plaintiff was ordered to show cause why this case should not be stayed until state criminal proceedings concluded. (Doc. 9). When he did not respond to the show cause order, the Court stayed this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because Plaintiff's related criminal case in Madison County Case No. 2015-CF-1880 ("criminal case"), remained pending. (*Id*.).

1

Plaintiff was required to provide the Court with regular status reports on the underlying criminal case until the case was resolved. On April 28, 2022, Plaintiff's counsel filed a status report indicating that the underlying criminal case against Plaintiff was disposed of "by plea" on April 27, 2022. (Doc. 40). The Court has reviewed public records and confirmed that the criminal case is now closed. *See People v. Sanders*, Madison County Case No. 15-CF-1880 (closed April 27, 2022). The State's prosecution having come to an end, this civil matter may now proceed. Accordingly, the stay of this case shall be lifted. Counts 1, 2, and 4 shall proceed against Defendants Splittorf and McNeal and Count 3 shall proceed against City of Alton once these defendants are served with this lawsuit.

## Disposition

**IT IS HEREBY ORDERED** that the **STAY** of this case is **LIFTED**, and this lawsuit shall now be served on Defendants **JOE SPLITTORF, MICHAEL McNEAL,** and **CITY OF ALTON**.

The Clerk of Court shall now prepare for **JOE SPLITTORF, MICHAEL McNEAL,** and **CITY OF ALTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 8), the Screening Order (Doc. 9), and this Memorandum and Order to this defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on this Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If this Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/25/2022**              s/J. Phil Gilbert  
                                  **J. PHIL GILBERT**  
                                  **United States District Judge**

3