IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARYION SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-00864-JPG |
| ) | |
| JOE SPLITTORF, ) | |
| CITY OF ALTON, ) | |
| and MICHAEL McNEAL,[1] ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court for a decision is a Motion to Dismiss filed by Defendants Joe Splittorff, Michael O'Neill, and City of Alton. (Doc. 48). Defendants seek dismissal of the *Monell* claim[2] set forth in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed in more detail below, the motion shall be **GRANTED**, and the *Monell* claim shall be dismissed.

### BACKGROUND

Plaintiff Aryion Sanders filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on August 14, 2017. (Doc. 1). The original Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed for violation of Federal Rule of Civil Procedure 8. (Doc. 7). However, Sanders was granted leave to file a First Amended Complaint. (*Id.*).

---

[1] In the Answer, Defendant Joe Splittorf identifies himself as "Joe Splittorff," and Defendant Michael McNeal identifies himself as "Michael O'Neill." (Doc. 50). The Clerk of Court is **DIRECTED** to **UPDATE** the docket sheet in CM/ECF to reflect the correct spelling of each defendant's name. The Court and parties shall refer to these individuals as Joe Splittorff and Michael O'Neill henceforth.

[2] The *Monell* claim is referred to as the "Second Cause of Action" in the First Amended Complaint (Doc. 8), "Count 3" in the Court's Screening Order (Doc. 9) and Order Lifting Stay (Doc. 41), and "Count II" in Defendants' Motion to Dismiss (Doc. 48) and the Response (Doc. 49). To avoid further confusion, the Court will simply refer to the claim as the *Monell* claim herein.

1

In the First Amended Complaint filed November 21, 2017, Sanders asserted claims against Officer Splittorff, Officer O'Neill, and City of Alton for violating his rights under federal and state law during a criminal interrogation by: (1) repeatedly denying his requests to speak with an attorney; (2) continuing to question him after he asked to stop the interrogation; (3) threatening him and/or his family and friends with bodily harm; and (4) physically intimidating him until he made incriminating statements. (Doc. 8). He requested monetary relief. (*Id.*).

The Court recharacterized the claims in the *pro se* First Amended Complaint, as follows:

**Count 1:** Fifth Amendment claim against Splittorff and O'Neill for using coercive interrogation tactics, denying Sanders access to an attorney, and refusing to stop questioning Sanders after he asked to cease the interrogations, causing Sanders to make incriminating statements.

**Count 2:** Fourteenth Amendment substantive due process claim against Splittorff and O'Neill for using conscience-shocking interrogation tactics, causing Sanders to make incriminating statements.

**Count 3:** *Monell* claim against City of Alton for failing to train officers regarding appropriate interrogation techniques.

**Count 4:** State law claim against Splittorff and O'Neill for intentional infliction of emotional distress.

(*See* Doc. 9). At the time, Sanders' underlying criminal case was pending in state court, so this Court stayed this action until the underlying state criminal proceedings concluded. (Doc. 9) (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013)). Sanders retained counsel thereafter. (Doc. 10).

On April 28, 2022, Sanders filed a status report indicating that the criminal case against Sanders concluded on April 27, 2022. (Doc. 40). This Court reviewed public records and confirmed that the criminal case was closed. *See People v. Sanders*, Madison County Case

No. 15-CF-1880 (closed April 27, 2022). Therefore, the Court lifted the stay on this case and allowed Counts 1, 2, and 4 to proceed against Splittorff and O'Neill and Count 3 (*i.e.*, *Monell* claim) to proceed against City of Alton pursuant to 28 U.S.C. § 1915A. (Doc. 41).

## MOTION TO DISMISS

Defendants filed a joint motion for dismissal of the *Monell* claim on August 2, 2022. (Doc. 48). In the motion, Splittorff and O'Neill argue that a *Monell* claim cannot proceed against individual officers as a general rule. (*Id*. at ¶ 2). They further assert that official capacity claims against them would be redundant, given that the City of Alton is already named in connection with the claim. (*Id*. at ¶ 3). In addition, the City of Alton seeks dismissal of the *Monell* claim against it because the allegations are inadequate as a matter of law. (*Id*. at ¶ 4).

## STANDARD OF REVIEW

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and

draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## DISCUSSION

In *Monell*, the United States Supreme Court held that a local government can only be liable under § 1983 for injuries caused by its own customs, policies, or practices. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipalities face no liability under § 1983 for the misdeeds of employees or agents. *Id*. The doctrine of *respondeat superior* does not apply in this context. *Id*.

Put differently, Sanders can only proceed with his *Monell* claim if he sets forth allegations suggesting that the City, itself, caused the deprivation of his constitutional rights. *See also Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021) (citing *Dunn v. City of Elgin*, 347 F.3d 641 (7th Cir. 2003) (citing *Monell*, 436 U.S. at 694)). *Monell* liability arises from (a) an express policy calling for a constitutional violation; (b) a widespread practice of constitutional violations that was so permanent and well settled as to constitute custom or usage with the force of law; or (c) a constitutional violation caused by a person acting with final policymaking authority for the body. *Monell*, 436 U.S. at 694; *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

The Supreme Court has also recognized a related theory of liability premised on a failure-to-train. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Failure-to-train liability is appropriate only when inadequate training "amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *Id*. at 388. By failing to train an employee whose conduct the municipality knows is deliberately indifferent toward the public, the municipality demonstrates its own deliberate indifference to the known risk. *Id*.

A.     *Monell* **Claim Against Officers**

The *Monell* claim shall be dismissed with prejudice against both officers, in their individual capacities.³ As a general rule, *Monell* claims cannot proceed against an officer, in his or her individual capacity. *See Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). This is because "personal-capacity suits are really suits against the official as an individual, not against the government entity, [so] *Monell* is always inapplicable." *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 381-82 (7th Cir. 1988). The *Monell* claim shall be dismissed with prejudice against Officers Splittorff and O'Neill, in their individual capacities.

The *Monell* claim against Splittorff and O'Neill, in their official capacities, shall also be dismissed with prejudice. Sanders already named the City of Alton in connection with the *Monell* claim, so including official capacity claims against the officers adds nothing. A *Monell* claim against an officer, in his or her official capacity, is the equivalent of a *Monell* claim against the government entity, itself. *Kentucky v. Graham*, 473 U.S. at 165. Official-capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Id*. District courts regularly dismiss official capacity claims against officers where the government entity is also named in connection with the claim. *Herrington v. Bradford*, 2022 WL 900661, at *3 (S.D. Ill. March 28, 2022). Sanders did not need to name the officers, in their official capacities, in order to pursue a *Monell* claim here. Naming the City of Alton in

---

³ To be clear, the Court did not allow this claim to proceed past screening against the officers. The Court only allowed the *Monell* claim to proceed against the City of Alton. (Doc. 41). In the final sentence of its discussion in the Order Lifting Stay, the Court states: "Counts 1, 2, and 4 shall proceed against Officers Splittorf[f] and [O'Neill] and **Count 3 shall proceed against City of Alton** once these defendants are served with this lawsuit." (*Id*. at 2) (emphasis added). The *Monell* claim in Count 3 against the officers did not survive preliminary review under § 1915A, and it does not survive review against them under Rule 12(b)(6) either.

5

connection with the claim was enough. The *Monell* claim shall be dismissed with prejudice against both officers, in their official capacities.

**B.     *Monell* Claim Against City of Alton**

For its part, the City of Alton argues that the *Monell* claim should be dismissed because the allegations are insufficient to support a claim against the City. In the First Amended Complaint, Sanders specifically alleges that the City had a duty to adequately train, supervise, or discipline their police officers and investigators, in order to protect members of the public, such as Sanders, from being harmed by the police and deputies unnecessarily. (Doc. 8, ¶¶ 17-18). Sanders also alleges that the City was deliberately indifferent to such duties and proximately caused injuries to him. (*Id*. at ¶ 19). He adds that one officer testified that his interrogation tactics were part of the training he received by the City. (*Id*. at ¶ 13e). On this basis, Sanders seeks to proceed with his *Monell* claim against the City.

These allegations do not satisfy the pleading standards described in *Twombly* or *Iqbal*. To do so, the First Amended Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. When making this determination, the Court assumes the veracity of well-pleaded factual allegations. *Twombly* 550 U.S. at 556. However, the Court is not required to accept as true any threadbare recitals of the elements of a cause of action that are supported only by conclusory statements. *Id*. at 555. A pleading that consists of nothing more than "labels and conclusions" or "recitations of the elements of a cause of action" does not suffice. *Id*. (citing *Iqbal*, 556 U.S. at 678). A plaintiff must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A plaintiff bringing a *Monell* claim based on allegations of a failure to train must plead facts suggesting a plausible "direct causal link" between the purported policy

and alleged constitutional deprivation. The policy or custom must be the " 'moving force' behind the alleged constitutional deprivation." *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 522 (7th Cir 2003) (citing *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002)).

Sanders' allegations are vague and conclusory in nature. The legal conclusions "contribute nothing to the plausibility analysis under *Twombly/Iqbal*" and are not entitled to the same presumption of truth given to other allegations in a *pro se* complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). Because Sanders has not set forth allegations suggesting that the City actually had a policy, custom, or widespread practice of using abusive interrogation tactics or that it failed to train its officers in proper interrogation techniques, he cannot establish the necessary nexus between a city policy and his constitutional deprivation. Accordingly, the *Monell* claim against the City of Alton shall be dismissed without prejudice under Rule 12(b)(6).

## DISPOSITION

**IT IS ORDERED** that Defendants' Motion to Dismiss *Monell* Claim (Doc. 48) is **GRANTED**. The *Monell* claim—identified as the "Second Cause of Action" in the First Amended Complaint (Doc. 8), "COUNT 3" in the Screening Order (Doc. 9) and Order Lifting Stay (Doc. 41), and "COUNT II" in the Motion to Dismiss (Doc. 48) and Response (Doc. 49)—is **DISMISSED** with prejudice against **JOE SPLITTORFF** and **MICHEAL O'NEILL**, in their individual and official capacities, and without prejudice against **CITY OF ALTON** for failure to state a claim for relief.

**IT IS ORDERED** that Defendant **CITY OF ALTON** is **DISMISSED** without prejudice from this action.

The Clerk of Court is **DIRECTED** to **UPDATE** the docket sheet in CM/ECF to reflect the correct spelling of **"JOE SPLITTORFF"** and **"MICHAEL O'NEILL"** and **TERMINATE** Defendant **CITY OF ALTON** as a defendant.

The parties are **REMINDED** that the below three claims survived screening against Defendant **SPLITTORFF** and **O'NEILL**, in their individual capacities, under 28 U.S.C. § 1915A, despite the different labels for these claims in the *pro se* First Amended Complaint:

**Count 1:** Fifth Amendment claim against Splittorff and O'Neill for using coercive interrogation tactics, denying Sanders access to an attorney, and refusing to stop questioning Sanders after he asked to cease the interrogations, causing Sanders to make incriminating statements.

**Count 2:** Fourteenth Amendment substantive due process claim against Splittorff and O'Neill for using conscience-shocking interrogation tactics, causing Sanders to make incriminating statements.

**Count 4:** State law claim against Splittorff and O'Neill for intentional infliction of emotional distress.

(*See* Docs. 9 and 41). Going forward, the Court and parties shall refer to these claims as Counts 1, 2, and 4.

Because Defendants Splittorff and O'Neill (in their individual capacities) have filed an Answer to the First Amended Complaint (Doc. 50), the Court will separately enter a Scheduling and Discovery Order with further instructions and deadlines for litigation of Counts 1, 2, and 4.

**IT IS SO ORDERED**.

**DATED: 3/6/2023**               s/J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **United States District Judge**