UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARYION SANDERS, | |
|       Plaintiff, | |
|     v. | Case No. 17-cv-864-JPG |
| JOE SPLITTORFF, MICHAEL O'NEILL, and CITY OF ALTON, | |
|       Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants Joe Splittorff and Michael O'Neill (Doc. 61). Plaintiff Aryion Sanders has responded to the motion (Doc. 63).

**I.      Background**

This case stems from a custodial interrogation of Sanders, who was a teenager at the time, by the defendant City of Alton police officers in August 2015. Sanders alleges that four days of interrogation culminated in a non-stop, all-night session in which the officers used unacceptable interrogation techniques. The interrogation resulted in incriminating statements. The Court considers the history of this case as reflected in the April 2021 opinion of the Illinois Appellate Court for the Fifth District, *People v. Sanders*, 184 N.E.3d 281 (Ill. App. Ct. 2021), as well as the public docket of the criminal proceedings, Madison County Circuit Clerk, Court Records Search, http://www.co. madison.il.us/departments/circuit_clerk/court_records_search.php (visited July 20, 2023).

Sanders was prosecuted and tried twice; the first trial in September 2017 resulted in a hung jury and the second in March 2018 in a conviction for first-degree murder. In the first trial, the trial court ruled that Sanders's incriminating statements could not be used in the prosecution's case in chief because they violated Sanders's Fifth and Sixth Amendment rights. It found the statements were made

in "a coercive environment which ultimately overcame the will of the defendant," *Sanders*, 184 N.E.2d. at 294 (internal quotations omitted), so they were involuntary. Nevertheless, the court allowed them to be used to impeach Sanders when he testified at the first trial.

At the second trial, commenced after a hung jury in the first trial, Sanders did not testify, but the court allowed the prosecution to use Sanders's testimony from the first trial as substantive evidence in its case-in-chief. Sanders was convicted in his second trial. The Illinois Appellate Court overturned his conviction in April 2021, finding that Sanders's involuntary inculpatory statements should not have been used at all in his first or second trial. *Id.* at 295-96, 301. Sanders eventually pled guilty to second degree murder.

Sanders filed this suit in August 2017, before his first trial even began, so this case was stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), for a substantial period of time. The stay was lifted after Sanders entered a guilty plea to the lesser charge.

Analysis of this case is complicated because it has morphed into new and different causes of action as it has been amended. The original Complaint (Doc. 1) was about the defendants' conduct during the custodial interrogation that yielded a confession but did not contain enough factual details to survive preliminary review (Doc. 7). The First Amended Complaint (Doc. 8) pled causes of action identified by the Court as:

**Count 1:**  Fifth Amendment claim against Splittorff and O'Neill for using coercive interrogation tactics, denying Sanders access to an attorney, and refusing to stop questioning Sanders after he asked to cease the interrogations, causing Sanders to make incriminating statements.

**Count 2:**  Fourteenth Amendment substantive due process claim against Splittorff and O'Neill for using conscience-shocking interrogation tactics, causing Sanders to make incriminating statements.

**Count 3:**  *Monell* claim against the City of Alton for failing to train officers regarding appropriate interrogation techniques.

**Count 4:**  State law claim against Splittorff and O'Neill for intentional infliction of emotional

distress.

Count 3 (plus any other claim that could be interpreted as pursuant to *Monell*) was dismissed with prejudice as to the individual defendants but without prejudice as to the defendant City of Alton ("City") (Doc. 52).

Then Sanders filed a document labeled "First Amended Complaint," which is, in fact, the Second Amended Complaint, which is how the Court and the parties should refer to the operative pleading from now on (Doc. 60). In the Second Amended Complaint, Sanders asserts causes of action against Splittorff and O'Neill for violations of his Fourteenth, Fifth and Sixth Amendment rights as well as excessive force, presumably in violation of his Fourth Amendment rights (Count 1); for common law intentional infliction of emotional distress (Count 3); and for common law battery (Count 4). He also alleges a claim against the City for failure to properly supervise or train Splittorff and O'Neill with respect to the use of excessive force (Count 2). Splittorff and O'Neill seek dismissal of Counts 1, 2, and 4 pursuant to Rule 12(b)(6) for failure to state a claim.

## II.     Standard for Dismissal

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed factual allegations, but he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded

facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

### III.   Analysis

   A.   Count 1

Sanders mentions in this Count that Splittorff and O'Neill have violated his Fourteenth, Fifth, and Sixth Amendment rights.[1] The state court has already determined that the use of the fruits of the interrogations violated his Fifth and Sixth Amendments, has suppressed those statements, and has overturned a conviction obtained using those statements. That is all the relief Sanders is entitled to, and he cannot now seek damages under § 1983 for violation of his Fifth Amendment rights. *See Vega v. Tekoh*, 142 S. Ct. 2095, 2106-08 (2022). Sanders has also not pled facts plausibly suggesting his Sixth Amendment rights were violated such that he is entitled to relief beyond suppression in his criminal case.

As for the Fourteenth Amendment, it is true that "[a] plaintiff may sue under § 1983 for police behavior that 'shocks the conscience,' including 'conscience-shocking interrogation tactics.'" *Cairel v. Alderden*, 821 F.3d 823, 833 (7th Cir. 2016) (quoting *Fox v. Hayes,* 600 F.3d 819, 841 (7th Cir. 2010)); *see Chavez v. Martinez*, 538 U.S. 760, 774 (2003) (Thomas, J.). (brackets in original) (quoting *Rochin v. California*, 342 U.S. 165, 172, 174 (1952)). However, mere persistent questioning is not, by itself egregious or conscience-shocking so as to trigger substantive due process concerns. *Chavez*, 538 U.S. at 774-75 (Thomas, J.). Nor is the use of ordinary interrogation tactics such as lying to, threatening in a non-violent way, insulting or making false promises to a suspect. *Fox*, 600 F.3d at 841 (citing *Tinker v. Beasley*, 429 F.3d 1324, 1329 (11th Cir. 2005)). The conduct Sanders alleges may

---

[1] He also mentions in the first paragraph of his Second Amended Complaint the Eighth Amendment. The Eighth Amendment, however, only applies to convicted prisoners, *Armstrong v. Squadrito*, 152 F.3d 564, 570 (7th Cir. 1998), and all of Sanders's complaints are about what occurred to him pre-conviction. He has pled no Eighth Amendment claim.

4

support conduct so egregious as to constitute a substantive due process violation.  This part of Count 1 will not be dismissed at this time.

Sanders expressly asserts a Fourth Amendment excessive force violation, but he does not plead facts suggesting the use of any force.  He pleads plenty of bad conduct, but none of it involves any use of force.  Then he conclusively alleges excessive force was used.  This does not plausibly suggest a right to relief for excessive force in violation of the Fourth Amendment.  This part of Count 1 will be dismissed without prejudice with leave to replead.

B. Count 2: *Monell*

Sanders asserts that the City deprived him of his constitutional rights by having policies and training standards instructing officers to engage in the bad conduct against him.  The Court has already outlined the salient features of *Monell* liability in dismissing any such claims pled in the First Amended Complaint (Doc. 52).  His pleading of a *Monell* claim in the Second Amended Complaint adds almost nothing new to his original pleading of that claim.  It still does not contain enough facts to state a claim to relief that is plausible on its fact.  For this reason, Count 2 will be dismissed without prejudice with leave to replead.

C. Count 4: Battery

Sanders asserts that Splittorff and O'Neill committed common law battery.  "The elements of a claim for civil battery are: (1) an intentional act on the part of the defendant, (2) resulting in offensive contact with the plaintiff's person, and (3) lack of consent to the defendant's conduct."  *Obermeier v. N.W. Mem. Hosp.*, 134 N.E.3d 316. 333-34 (Ill. App. Ct. 2019).  But as noted above in connection with Sanders's excessive force claim, neither force nor touching has been alleged.  Without an allegation that a defendant touched Sanders's person, his Second Amended Complaint, does not state a claim for battery that is plausible on its face.  Count 4 will be dismissed without prejudice with leave to replead.

5

## IV.     Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** the defendants' motion to dismiss (Doc. 61);
    - The motion is **DENIED** as to the part of Count 1 alleging a Fourteenth Amendment substantive due process claim;
    - The motion is **GRANTED** in all other respects and those claims are **DISMISSED without prejudice**;

- **ORDERS** that Sanders shall have leave to replead the dismissed claims in a Third Amended Complaint (that also includes the claims that were not dismissed in this order).  He shall have up to and including August 25, 2023, to file a Third Amended Complaint.  If Sanders fails to file a Third Amended Complaint by that deadline, this case will proceed on the substantive due process claim in Count 1 and the common law intentional infliction of emotional distress claim in Count 3, and the dismissed claims will be dismissed <u>with prejudice</u>;

- **WARNS** Sanders that the Third Amended Complaint will be his fourth pleading attempting to plead certain causes of action, and if he is unable to adequately plead them there, the Court is unlikely to allow him another chance.  Sanders is encouraged to be clear about the causes of action he pleads and thorough in the specific facts pled to support each claim; and

- **DIRECTS** the Clerk of Court to change the docket entry of the pleading at Document 60 to state that it is the Second Amended Complaint.

**IT IS SO ORDERED.**
**DATED:  July 24, 2023**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**