UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARYION SANDERS,

        Plaintiff,

  v.

JOE SPLITTORFF, MICHAEL O'NEILL, and
CITY OF ALTON,

        Defendants.

Case No. 17-cv-864-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendants' motion to dismiss plaintiff Aryion Sanders's Third Amended Complaint (Doc. 67). Sanders has responded to the motion (Doc. 73).

**I.    Background**

This case arose after Sanders, who was a pretrial detainee at the Madison County Jail at all relevant times, was interrogated in August 2015 by two officers of the Alton Police Department, defendants Joe Splittorff and Michael O'Neill. He ended up giving incriminating statements. Sanders complains of the manner in which Splittorff and O'Neill interrogated him, which he believes is attributable to the defendant City of Alton ("City") because the interrogation techniques were part of an express municipal training policy or practice. Sanders began this lawsuit *pro se* in August 2017, but the case was stayed for a substantial period of time to allow the state criminal case against him to reach a conclusion. The stay was lifted in May 2022 after Sanders pled guilty in his criminal case. He is now represented by counsel in this case.

Since the stay was lifted, the Court dismissed without prejudice Count 3 of the First Amended Complaint (Doc. 8), a claim against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for failing to train officers regarding appropriate interrogation

techniques. It found that Sanders had failed to state a *Monell* claim because his allegations were vague and conclusory in nature and failed to suggest "that the City actually had a policy, custom, or widespread practice of using abusive interrogation tactics or that it failed to train its officers in proper interrogation techniques." Mem. and Order 7 (Mar. 6, 2023) (Doc. 52).

Sanders tried again by filing the Second Amended Complaint (Doc. 60). The Court dismissed all but a Fourteenth Amendment substantive due process claim and a state law intentional infliction of emotional distress claim (which was not challenged in a motion to dismiss) based on conscience-shocking interrogation techniques, but gave Sanders a chance to replead the dismissed claims. The Court warned Sanders that a Third Amended Complaint would likely be the last chance Sanders would have to adequately plead his claims (Doc. 64).

The Third Amended Complaint (Doc. 65) adds new allegations to support the *Monell* claim, but adds nothing to the other claims found to be inadequately pled in the Second Amended Complaint. As a matter of case management, the Court clarified in an August 30, 2023, order (Doc. 68) that certain claims it had given Sanders leave to replead were not, in fact, repled in the Third Amended Complaint. No additional facts were pled that possibly pertained to those claims, and the claims themselves were reiterated word for word from the Second Amended Complaint. The Court concluded that, since they had not been repled, his Fourth Amendment excessive force claim, his Fifth, Sixth, and Eighth Amendment claims, and state law battery claims should be dismissed with prejudice. The Court noted that the remaining claims in this case are:

**Count 1:**   a Fourteenth Amendment claim against Splittorff and O'Neill for conscience-shocking interrogation;

**Count 2:**   a *Monell* claim against the City of Alton for policies directing the conscience-shocking interrogation; and

**Count 3:** an intentional infliction of emotional distress claim against Splittorff and O'Neill for the interrogation.

## II.   Motion to Dismiss (Doc. 67)

The defendants ask the Court to dismiss the Third Amended Complaint as frivolous. They note that the pleading fails to underline new material as required by SDIL-LR 15.1, contains a blank certificate of service, and repeats claims found to be meritless in prior orders. They note that the only new material is in support of the *Monell* claim, but that the new material, like the original, contains only vague and conclusory statements.

In response, Sanders maintains that the three causes of action noted above as remaining in this case are adequately pled and should not be dismissed.

In an order filed the same day as the defendants' motion, the Court disposed of the claims that Sanders did not change after they were found to be inadequately pled in the Second Amended Complaint. This moots some of the defendants' arguments. The Court did not, however, rule that Count 2 was adequately pled. It simply acknowledged that it was repled in the Third Amended Complaint while other claims were not.

Nevertheless, after reviewing the current allegations, the Court finds the *Monell* claim is sufficiently pled. The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to decide the adequacy of the pleading. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed factual

allegations, but he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

In *Monell*, the Supreme Court held that a local government can only be liable under § 1983 for injuries caused by its own customs, policies, or practices.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Municipalities face no liability under § 1983 for the misdeeds of employees or agents; the doctrine of *respondeat superior* does not apply.  *Id*.  However, a plaintiff may proceed with a *Monell* claim if he sets forth allegations suggesting that the municipality itself caused the deprivation of his constitutional rights.  *See also Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021) (citing *Dunn v. City of Elgin*, 347 F.3d 641 (7th Cir. 2003) (citing *Monell*, 436 U.S. at 694)).  *Monell* liability arises from (a) an express policy calling for a constitutional violation; (b) a widespread practice of constitutional violations that was so permanent and well settled as to constitute custom or usage with the force of law; or (c) a constitutional violation caused by a person acting with final policymaking authority for the body.  *Monell*, 436 U.S. at 694; *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

Here, Sanders alleges that Splittorff testified that the City expressly trained him and O'Neill to use the interrogation tactics that they used against Sanders and that Sanders claims violated his due process rights because they shocked the conscience.  It is true that a similar allegation of Splittorff's testimony in the First Amended Complaint (Doc. 8 at 3) was found to be inadequate, but that allegation was paired with a cause of action pled with conclusory allegations that described a negligence claim more than a Fourteenth Amendment due process claim.  In

addition, the First Amended Complaint failed to plead facts causally connecting the alleged policy with any harm.  In contrast, in the Third Amended Complaint, Sanders pleads facts that the City trained the officers to use aggressive interrogation and investigative tactics that violated Sanders's civil rights, a reference to the conscience-shocking techniques that serve as the basis for Count 1.  He also pleads that the civil rights violations caused by the training practices were obvious, but the City failed to address the practices.  Those allegations contain substantially more facts than those that were found inadequate in the First Amended Complaint.  They adequately state a *Monell* claim.

### III. Conclusion

For these reasons, the Court **DENIES** the defendants' motion to dismiss (Doc. 67). Counts 1, 2, and 3 as described above remain in the case at this time.

**IT IS SO ORDERED.**
**DATED:  October 26, 2023**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**